UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YOLO COUNTY OFFICE OF EDUCATION,

Plaintiff,

v.

STATE OF CALIFORNIA DEPARTMENT OF EDUCATION and DOES 1-25, inclusive,

Defendants.

No. 2:11-cv-03224-MCE-JFM

MEMORANDUM AND ORDER

----oo0oo----

Before the Court is Defendant California Department of Education's Motion to Dismiss ("MTD") (ECF No. 9). For the reasons that follow, the Motion to Dismiss is GRANTED without leave to amend.

///

///

///

///

///

**BACKGROUND**

Plaintiff, Yolo County Office of Education ("YCOE"), brings suit against Defendant California Department of Education ("CDE"), pursuant to provisions 20 U.S.C. §§ 1415(b)(6) and 1415(i)(2)(B) of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. (Complaint ("Compl.") ECF No. 2, at 1.) YCOE is aggrieved by what it views as an abuse of discretion by the CDE – and by failures in the CDE's informal dispute resolution proceedings – in a dispute that arose between YCOE and a student regarding the use of American Sign Language. In this action, YCOE brings suit against CDE seeking a declaration of the rights and obligations of both parties under the IDEA. (Id.) Before turning to the factual allegations and the parties' contentions, the Court briefly discusses the IDEA, its implementation in California and, of particular relevance here, the dispute resolution process.

**A. IDEA Framework, California's Implementation and Dispute Resolution Process**

The IDEA provides that all children with disabilities receive a free appropriate public education ("FAPE") through individualized education programs ("IEP"). Lake Washington School District No. 414 v. Office of Superintendent of Public Instruction, 634 F.3d 1065, 1066 (9th Cir. 2011) (citing 20 U.S.C. §§ 1400(d)(1)(A)) and 1415(a)). "The IDEA conditioned federal funding upon state compliance with the statute's 'extensive substantive and procedural requirements.'"

Id. (quoting Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1300 (9th Cir. 1992). Under California law, the county office of education of the child's residence is obligated "to identify disabled children, to assess suspected disability, to determine educational placements and related services through an IEP, and to provide needed education and related services." S.A. ex rel. L.A. v. Tulare County Office of Educ., 2009 WL 30298, at *4 (E.D. Cal. Jan. 6, 2009) (citing Cal. Educ. Code, §§ 56300, 56302, 56340, and 56344(b)).

The IDEA provides a framework for dispute resolution that includes both a formal process and an informal one. See 20 U.S.C. § 1415; 34 C.F.R. § 300.151. As part of this process, the State and local agencies must provide students with procedures that allow a parent or a public agency to present a complaint with respect to "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6)(A), see also § 1415(b)(7)(A); 34 C.F.R. § 300.507(a)(1). The implementing provisions call for the State Education Agency to address failures to provide appropriate services, and "appropriate future provision of services for all children with disabilities." See 34 C.F.R. § 300.151. The regulations also provide "the public agency with the opportunity to respond to the complaint." 34 C.F.R. § 300.152. The statute provides for either a formal impartial due process hearing under § 1415(f) or an informal voluntary mediation pursuant to § 1415(e).

///

The formal prong of the IDEA's dispute resolution process is the due process hearing. When a party makes a complaint under § 1415(b)(6), "the parents or the local educational agency involved in such complaint shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency..., as determined by State law..." 20 U.S.C. § 1415(f)(1)(A); see also 34 C.F.R. § 300.506. In California, the "CDE is required to enter into an interagency agreement with another state agency or contract with a nonprofit organization to provide the independent and impartial process." S.A., 2009 WL 30298 at *4 (citing Cal. Educ. Code § 56504.5). The due process hearing's formal procedural features include, inter alia, the right to counsel, the right to present evidence, and the right to cross-examine witnesses. See, e.g., Pedrazza v. Alameda Unified Sch. Dist., 2011 WL 4507111, at *5 (N.D. Cal. 2011) (citing 20 U.S.C. §§ 1415(f),(h); 34 C.F.R. §§ 300.511, 300.512); R.K. v. Hayward Unified Sch. Dist., 2007 WL 4169111, at *3 (N.D. Cal. 2007). Any party to a due process hearing who is aggrieved by the State Education Agency shall "have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court..." 20 U.S.C. § 1415(i)(2)(A).

The alternative procedural safeguard provided for by the IDEA is the voluntary, informal mediation Complaint Resolution Procedure, available pursuant to § 1415(e).

///

///

That provision provides that any State Education Agency or Local Education Agency must "ensure that procedures are established and implemented to allow parties to disputes involving any matter, including matters arising prior to the filing of a complaint pursuant to subsection (b)(6), to resolve such disputes through a voluntary mediation process." 20 U.S.C. § 1415(e)(1). The mediation is "similar to an informal settlement conference. S.A., 2009 WL 30298 at *7. The mediation must be "conducted by a qualified and impartial mediator, and cannot be used "to deny or delay a parent's right to a due process hearing..." 20 U.S.C. § 1415(e)(2)(A). Mediation procedures are outlined for matters "arising prior to the filing of a due process complaint." See 34 U.S.C. § 300.506 (emphasis added).

**B. Factual and Procedural Background**[1]

On May 6, 2011, the parents of a special needs student enrolled in a YCOE program for the Deaf and Hard of Hearing submitted a request for a compliance complaint investigation under California's Complaint Resolution Procedures ("CRP") to the CDE alleging that YCOE failed to provide the student with directions for state testing in American Sign Language ("ASL"). (Id. at 3.)

///

[1] Unless otherwise noted, all factual background information is taken from the Complaint's factual allegations. For the purposes of this Motion to Dismiss, the Court accepts YCOE's facts as true and makes all inferences in the light most favorable to Plaintiff.

The CDE thereafter issued a Compliance Complaint Report ("Report") which found YCOE out of compliance with state and federal law. (Id.)

YCOE then submitted a request for reconsideration to CDE, essentially alleging that CDE reached the wrong conclusion. (Id.) In support for its contention that it had complied with its obligation to provide accommodations to the CDE, YCOE provided an affidavit, signed by the student's classroom teacher affirming that she provided all required accommodations. (Id. at 4.) Thereafter, CDE issued its Reconsideration Report, which was allegedly written by the same CDE employee who issued the initial report. (Id.) In the Reconsideration Report, CDE allegedly found that the student did receive accommodation during state testing and revised its original findings, but CDE ultimately reconfirmed its initial conclusion that YCOE was out of compliance for failing to provide the student with directions in ASL during state testing. (Id.) YCOE therefore asserts that the CDE abused its discretion in finding YCOE out of compliance because there was no evidentiary basis for that finding. (Id.)

YCOE thereafter brought this lawsuit. It alleges that CDE abused its discretion when it found YCOE out of compliance, and that CDE's decision is therefore "irrelevant, a nullity, and insufficient as a matter of law." (Id.) YCOE alleges that CDE exceeded "the express statutory authority provided to the CDE under the IDEA." (Id. at 5.) YCOE claims that CDE exceeded its authority by issuing its report "without any evidentiary basis." (Id.)

///

YCOE seeks declaratory and injunctive relief. Specifically, YCOE seeks a declaration as to: (1) the evidentiary standard of review applicable to state compliance complaint proceedings; (2) who bears the burden of proof to establish a violation of compliance complaint proceedings; (3) whether CDE acted in excess of its statutory authority when it issued its Reconsideration Report; and (4) whether YCOE is permitted to not comply with CDE's order. (Id. at 5.) YCOE also seeks injunctive relief to prevent implementation of CDE's order. (Id.)

CDE moves to dismiss on the grounds that: (1) there is no private right of action under the IDEA against the CDE stemming from the CRP, therefore, this Court lacks standing to consider YCOE's complaint; and (2) YCOE failed to exhaust its administrative remedies by pursuing the alternative formal due process hearing process. (ECF No. 9).[2]

///

///

///

///

///

[2] Pursuant to Federal Rules of Evidence 201(b) (authorizing judicial notice of adjudicative facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned'), CDE requests the Court take judicial notice of: (1) a copy of 71 Federal Register 46607 (Aug 14, 2006); and (2) copies of sections 3000, 4650, 4664 and 4665 of Title 5 of the California Code of Regulations. (ECF No. 9, Ex. 2.) CDE's's requests are unopposed and are the proper subject of judicial notice. See, e.g., Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029, 1040 (E.D. Cal. 2009); Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (court may take judicial notice of matters of public record). Accordingly, CDE's Request for Judicial Notice, (ECF No. 9, Ex. 2), is granted.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 2007 U.S. LEXIS 5901, 20-22 (U.S. 2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. Id. at 21 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.

///

///

The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

## ANALYSIS

CDE moves to dismiss on the basis that there is no private right of action under the IDEA for a Local Educational Authority, to appeal, in essence, appeal the decision of the CDE arising from the informal complaint resolution process. Furthermore, CDE contends that YCOE has not demonstrated that it exhausted its administrative remedies before it filed this action because YCOE has not alleged that it pursued the alternative formal due process hearing procedures, from which a private right of action is explicitly available.

### A. No Private Cause of Action For A Local Education Agency.

#### 1. Parties' Contentions

YCOE relies on S.A., a 2009 case from the Eastern District of California, for the proposition that "a private right of action exists in federal court to challenge the state's CRP conclusions." (Opposition ("Opp.") ECF No. 14 at 7.)

In S.A., the court held that, under the IDEA, a student was entitled to a private right of action against the CDE for alleged failure to produce the student's requested educational records. See S.A., 2009 WL 30298. There, during the CRP proceeding, the CDE had informed the student that "any further disagreement with the report can be appropriately addressed in a court of competent jurisdiction." Id. at 8. The district court held that the "CDE cannot at the administrative level indicate that a court action is available and later before a court indicate it is not." Id.

YCOE argues that S.A. clearly establishes that there is a private right of action to challenge a CRP in federal court. (Opp. at 6.) YCOE contends that the only material difference between S.A. and the instant case is that here, the Local Education Agency, YCOE, and not the student, is bringing the action. (Opp. at 7.) YCOE suggests that if a private right of action exists to challenge a CRP for students and their parents, that avenue is available to any party aggrieved by the CRP, including a Local Education Agency. (Opp. at 7.)

CDE counters that S.A. is factually distinguishable because in that case the State Education Agency erroneously indicated to the parent that there was a private cause of action, and that the court found that this statement created an issue that precluded dismissal. (Reply, ECF No. 15 at 6.)

///

///

///

///

///

CDE argues further that S.A. is inapposite because while that case does allow a private right of action for a parent to challenge a CRP, the S.A. court relied on Ninth Circuit authority that does not persuasively support that proposition.[3] (MTD at 13.)

Finally, CDE contends that YCOE's reliance on the Eastern District's 2009 S.A. decision is misplaced because the Ninth Circuit's 2011 decision in Lake Washington explicitly held that the IDEA does not create a private right of action for school boards and Local Education Agencies to contest a State's compliance with the IDEA's procedural protections. CDE contends that YCOE's action is essentially an appeal from a CRP decision of the CDE challenging the CDE's procedures. This, contends CDE, is exactly the sort of challenge prohibited by Lake Washington.

///

///

///

[3] One of the Ninth Circuit cases relied on in S.A. was Christopher S. v. Stanislaus County Office of Education, 384 F.3d 1205 (9th Cir. 2004). In that case, three autistic students in a special education program pursued a state CRP to address a district-wide policy that provided for a shortened school day for autistic students. Christopher, 384 F.3d at 1206. The court held that the students were not required to exhaust administrative remedies by seeking a due process hearing before bringing action. Id. As Plaintiff concedes in its Opposition, Christopher primarily addressed the issue of exhaustion of administrative remedies. The instant case does not involve a blanket, district-wide policy directed at a group of students with a particular disability. The facts of that case made it unnecessary to pursue administrative remedies through due process hearings because the state was already on notice of the allegedly unlawful policy, and no individual student had been denied due process because of the across-the-board nature of the policy. See id. at 1210-11. Therefore, Christopher does not support the proposition that there is always a private right of action to challenge a CRP.

**2. Analysis**

In 2011, the Ninth Circuit held that a school district lacked statutory standing to challenge a state's compliance with IDEA's procedural protections. See Lake Washington School District No. 414 v. Office of Superintendent of Public Instruction, 634 F.3d 1065 (9th Cir. 2011). In Lake Washington, the plaintiff school district sought to enjoin the State of Washington from granting continuances greater than 45 days in any administrative proceedings conducted pursuant to the IDEA. Id. at 1066. The School District believed that the continuance violated the IDEA's requirement that "a decision be issued within 45 days of the expiration of the 30-day resolution period," and the State Educational Agency was thus exceeding its authority under the statute. Id. at 1067.

The court found that the IDEA "establishes a private right of action for disabled children and their parents. It creates no private right of action for school boards or Other Local Education Agencies apart from contesting issues raised in the complaint filed by the parents on behalf of their child." Id. at 1068. The Lake Washington court found support for this proposition in the opinions of a number of decisions from other circuits. Id. (Citing, e.g., Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ., 615 F.3d 622, 631 (6th Cir. 2010) ("[T]he IDEA does not provide School Districts with an express or implied right to compel State Defendant's compliance with § 1415(b)'s procedural safeguards absent an underlying claim that directly involves a disabled child's IEP.")).

The Lake Washington court agreed with the Traverse court that the right to sue provided by the IDEA was "designed to benefit disabled children and their parents." Id. at 1069.

Contrary to YCOE's claims, S.A. does not apply here because Lake Washington makes clear that while parents and children may have a private right of action to challenge the IDEA's procedural protections, this right does not extend to local education authorities such as YCOE to litigate questions other than those raised in the complaint filed by the parents of the disabled child. Lake Washington, 634 F.3d at 1068-69. Here, YCOE is a Local Education Agency and is not contesting issues raised in the parent's complaint, but instead is challenging the conduct of CDE, the State Education Agency, and, more generally, CDE's CRP procedures. This is exactly the type of challenge that the Ninth Circuit found was prohibited in Lake Washington. Id. Therefore, the Court concludes that YCOE lacks standing to bring this claim and would grant CDE's motion to dismiss on this basis alone.

**B. YCOE's Remedy Under the IDEA Does Not Lie in Challenging CDE's Conduct in Federal Court, But in Resolving the Underlying Complaint in a Due Process Hearing.**

However, CDE also contends that the case should be dismissed because by foregoing the formal due process hearing procedures, and instead filing this action, YCOE has failed to exhaust administrative remedies, as required by the IDEA, before bringing suit. CDE argues that YCOE's claims are brought under the IDEA, and that under the statute, federal courts have no jurisdiction until there is a final administrative decision. (MTD at 14.)

YCOE responds that the due process hearing is not the appropriate venue for its case, and that without the ability to bring this suit, it would be without remedy. (Opp. at 10.)

A plaintiff alleging futility or inadequacy of IDEA procedures bears the burden of proof. See Doe v. Arizona Dep't of Educ., 111 F.3d 678, 681 (9th Cir. 1997). In addition, the plaintiff bears the burden of proving that exhaustion of the IDEA's procedures would be futile or inadequate. See Robb v. Bethel Sch. Dist. 403, 308 F.3d 1047, 1050 n.2 (9th Cir. 2002); Hoeft v. Tucson Unified School Dist., 967 F.2d 1298, 1303-04 (9th Cir. 1992). The exhaustion doctrine embodies the concept that "agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." McCarthy v. Madigan, 503 U.S. 140, 145 (1992).

Here, YCOE's argument that the formal due process procedures are unavailable to raise its claims regarding CDE's CRP process are unpersuasive. YCOE has not met its burden in demonstrating that it could not have raised its claims in the due process procedure, or that to do so would be futile.

The Court therefore concludes that, even if YCOE had standing to pursue its claims, it still had not met its burden of demonstrating why it should be relieved of its obligation to exhaust its administrative remedies.

///

///

///

///

///

**CONCLUSION**

As a matter of law, and for the reasons set forth above, CDE's Motion to Dismiss (ECF No. 7) is GRANTED without leave to amend. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 31, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE